IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30899
Summary Calendar
_____

JOSEPH C. JONES, d/b/a MAKEDWE PUBLISHING
COMPANY; RON PUBLISHING COMPANY; RIC
RECORDS,

                                        Plaintiffs-Appellants,

JOSEPH S. RUFFINO, JR.,

                                        Movant, Appellant,

versus

ALVIN LEE JOHNSON, SR.; CARNIVAL TIME RECORDS
INC.; LYMAN L. JONES; PAUL M. LEE,SR.; PAUL
LEE RECORD ONE STOP; UNITED RECORD PRESSING;
GARY L. EDWARDS; GARY EDWARDS MUSIC; FLOYD
SOILEAU; VILLE PLATTE RECORDING MANUFACTURER;
ALL SOUTH DISTRIBUTING CORPORATION; WARREN
HILDERBRAND; JEFFERSON JAZZ INCORPORATED;
MARSHALL E. SEHORN; JERRY C. WILSON; COSIMO V.
MATASSA; LEE RECORD DISTRIBUTOR, erroneously
named as Paul Lee Distributor; MARDI GRAS RECORDS,

                                        Defendants-Appellees,

DALVA ONE STOP RECORDS & TAPES,

                                        Movant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 91-CV-879
_____

May 6, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case is deja vu. The brief that Joseph C. Jones, d/b/a Makedwde Publishing Company, has filed is a duplicate of a brief that he filed in a previous appeal of the same case, a copyright and trademark infringement action against attorney Lyman Jones and several other defendants. The brief, a combination of grammatical errors and stabs at legal argument, can of course succeed no more this time than the last. It has inspired, however, a flurry of motions, illustrating the litigation quagmire that can arise when a pro se plaintiff understands neither the law nor even the concept of finality. We will do our best, as we must, to keep up with the Joneses, but we trust that our treatment of this appeal will restrain the plaintiff Jones from further abuse of the judicial process.

I

We first saw this case in 1992, after the district court denied a motion by defendant Jones asserting that the claim was time-barred. The district court certified the limitations issue for interlocutory appeal, and we reversed. See Makedwde Publishing Co. v. Johnson, 37 F.3d 180 (5th Cir. 1994). Following the remand of the case, the remaining defendants filed motions for summary judgment, which the district court granted. The plaintiff Jones then filed an appeal, using the same brief before us today. We

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

concluded that the appeal failed to raise an issue of arguable merit and dismissed it as frivolous.

We also granted a motion for the imposition of sanctions and directed counsel to submit affidavits showing their time expended in defending the appeal and in submitting motions. The district court scheduled a sanctions hearing, giving any party an opportunity to oppose sanctions or challenge counsel's affidavits. In its July 16, 1997, order, the district court indicated that it had not received any response, and awarded attorney's fees accordingly. This appeal timely filed.

## II

As always, we must consider our jurisdiction. A multiparty pro se notice of appeal is not effective as to any of the pro se parties who did not sign the notice of appeal. See Carter v. Stalder, 60 F.3d 238, 239 (5th Cir. 1995). Joseph Ruffino did not sign the notice of appeal, and we therefore dismiss Ruffino's purported appeal for lack of jurisdiction.

## III

Because Jones's brief is a duplicate of his earlier foray into the art of legal argument, he makes no reference to the sanction order issued by the district court in it. Therefore, he has waived any objection to the sanctions that he might have. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, a pleading once frivolous is still frivolous when filed again, indeed more frivolous than before because irrelevant. Plaintiff Jones has supplemented this argument with a reply brief that is not a mere

3

xerox, but, even if his arguments in that brief were nonfrivolous, arguments cannot be brought up for the first time in a reply brief. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1546 n.9 (5th Cir. 1991). Likewise, a nonfrivolous argument in a reply brief cannot save an otherwise frivolous appeal.

We therefore dismiss this appeal as frivolous. See 5th Cir. R. 42.2. The defendants have requested appropriate sanctions. Recognizing that the previous imposition of attorney's fees was insufficient to deter frivolous filings, we impose sanctions of double costs and attorney's fees. See Coghlan v. Starkey, 852 F.2d 806, 812-13 (5th Cir. 1988). The district court shall make an assessment after the filing of appropriate affidavits.

We also have the authority to enjoin litigants from continuing to file frivolous claims against the parties in the case. See Farguson v. Mbank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986). We therefore enjoin plaintiff Jones from raising again the merits of his case, including any issues pertaining to the statute of limitations, because any pleadings discussing such issues, no matter how well crafted, would remain frivolous. This case is over. Of course, plaintiff Jones may still file a nonfrivolous appeal related to the determination of the magnitude of sanctions yet to be imposed on him (and is welcome to seek certiorari from the Supreme Court with respect to this ruling). Further frivolous appeals, however, will be dealt with harshly.

IV

4

We need not belabor the remaining motions before us. Plaintiff Jones's motion to correct the caption of his case in the district court is denied; the caption is correct, and in any event does not matter. We deny as moot plaintiff Jones's motion opposing the appellees' right to make an oral argument in the case; this case is an excellent illustration of the genius of the summary calendar. We deny plaintiff Jones's motion for leave to supplement the record to include the docket sheet of another copyright infringement case and to include a statement by the President of BMI before a House subcommittee; if these were relevant to our legal analysis, we could take judicial notice of them. We also deny plaintiff Jones's objection to his opponents' consolidated brief; such consolidation is explicitly permitted under Rule 28(i). Finally, and emphatically, we deny plaintiff Jones's requests for sanctions and disbarment of counsel, his motions to supplement the record, and his motion to file supplemental record excerpts. In sum, all of plaintiff Jones's motions are denied.

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS IMPOSED; INJUNCTION ISSUED; REMANDED FOR ADDITIONAL DISTRICT COURT HEARING ON SANCTIONS; ALL OTHER MOTIONS DENIED.